UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REYBER ALEXANDER MORILLO MUJICA,<br><br>Petitioner,<br>v.<br><br>WARDEN OF NORTHWEST ICE PROCESSING CENTER et al.,<br><br>Respondents. | CASE NO. 2:26-cv-04530-DGE<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) |

On November 18, 2026, Petitioner filed a petition for writ of habeas corpus. (Dkt. No. 1.) Petitioner argues his arrest and continued detention violates his rights under the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. (*Id.* at 9–14.) Petitioner requests immediate release. (*Id.* at 14–15.) On November 20, 2026, the Court issued a scheduling order instructing Respondents to "show cause why the writ of habeas corpus should not be granted[.]" (Dkt. No. 3 at 1.) On November 24, 2026, Respondents filed an abbreviated return requesting "that this Court decide whether a writ should be granted based on the Petition and related filings." (Dkt. No. 6 at 1.)

Petitioner asserts three claims in support of habeas relief: (1) that his detention violates his rights under the Fifth Amendment; (2) that his arrest and detention occurred without statutory or constitutional authority; and (3) that his bond hearing was constitutionally deficient. (Dkt. No. 1 at 9–14.) Federal Respondents offer no arguments to rebut Petitioner's claims. For the reasons identified by other courts in similar circumstances, the petition should be granted based on Federal Respondents' "failure to oppose the primary relief sought." *See Barrios Rojas v. Scott*, Case No. C26-4256-KKE, 2026 WL 3558396, at *1 (W.D. Wash. Nov. 19, 2026) (quoting *Deroy v. Warden*, Case No. 5:26-CV-05972-BFM, 2026 WL 3132157, at *2 (C.D. Cal. Oct. 19, 2026)). "[T]he Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that [her] claim that [her] detention is without lawful authority is unrefuted." *Deroy*, 2026 WL 3132157, at *2. The Court therefore GRANTS the petition (Dkt. No. 1) and ORDERS:

1. Respondents and all their officers, agents, attorneys, and persons acting on their behalf or in concert with them SHALL release Petitioner from custody within **<u>ONE (1) DAY</u>** of this Order.
2. Petitioner SHALL NOT be re-detained, absent urgent circumstances or a clear legal basis for detention, without first providing pre-deprivation notice and an opportunity to be heard in front of an immigration judge.
3. Respondents shall return to Petitioner any personal property, including personal identification documents (other than a passport) and employment authorization documents (EADs).
4. Within FORTY-EIGHT (48) HOURS of this Order, Respondents SHALL file on the docket confirmation that Petitioner has been released from custody.

5. Petitioner's motion to appoint counsel (Dkt. No. 2) is DENIED as moot.

Dated this 25th day of November, 2026.

David G. Estudillo
United States District Judge